An executor or administrator can only retain to satisfy his own demand when it is of equal dignity with that of the creditors to whose disadvantage it is retained. As the executor cannot sue himself, he is allowed to pay himself by retainer. The law in his favor presumes that had he not been executor, he would have used equal diligence with any other creditor to procure payment, and places him, with respect to paying himself, in the same situation as if he had used the most expeditious diligence; but he cannot retain to satisfy himself whilst there are debts of a superior dignity to his. By the act of 1786 notes are put upon the same footing with bonds, and are made superior to any simple contract debt, where the debt is not liquidated and settled and signed by the party to be charged. Of course, the debt due in the present case to the administrator cannot be satisfied by retainer in preference to the debt of the plaintiff, which is by note of hand. As to the voluntary payments made since the teste of the writ, and before the plea pleaded, in *Page 328 
strictness they are not allowable; though, indeed, it seems to be a hardship that payments made before notice of the writs, and with no design to prejudice the plaintiff, should not be allowed. As to the payments made after the plea pleaded, they are clearly not allowable.
NOTE BY REPORTER. — That part of the Court's opinion relative to the payments made after the teste and before the plea seems not to be correct; the law as laid down in the Off. of Exrs. 145, 146, is that the executor may pay another creditor after suit commenced before he have notice, and may then plead that he was not summoned till such a day, before which he had fully administered.